UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

WILBERT W. SALAZAR and
STEPHANIE RAE SALAZAR,

Case No. 15-13194 ts13

Debtors.

## **OPINION**

Debtors' former counsel asked the Court to enter a money judgment against debtors for the attorney fees and costs allowed in this dismissed case. The Court holds that its final order allowing fees is a judgment establishing debtors' debt to counsel. If counsel wishes to collect the debt in state court, no further judgment is needed from this Court. The Court also rules that, to the extent it has ancillary jurisdiction over the fee collection process, it will abstain so collection can be pursued in state court. Counsel's request therefore will be denied.

## I. FACTS[1]

The Court finds:

Debtors filed this chapter 13 case on December 8, 2015. Their counsel was William F. Davis & Assoc., P.C. Debtors filed their bankruptcy schedules, statement of financial affairs, and proposed chapter 13 plan on the petition date.

Debtors are relatively sophisticated. When they filed their case, Mr. Salazar was a manager at a car dealership, while Ms. Salazar was a registered nurse working at a hospital in Espanola.

---

[1] In makings its findings, the Court took judicial notice of the docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (citing Fed. R. Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket").

Debtors did not confirm a chapter 13 plan. During the pendency of the case, however, they negotiated with their home mortgage lender about a possible loan modification agreement.[2] Debtors ultimately struck a deal with their lender, and on June 4, 2016, moved to dismiss the bankruptcy case.

The Court granted the dismissal motion on June 8, 2016. The dismissal order stated in part:

> 1. If any allowed fees charged by Debtor's counsel remain unpaid, the Chapter 13 trustee is hereby ordered to pay any funds she had on hand as of the date of dismissal to the Debtor's counsel rather than the Debtor until such fees have been paid (as also to pay herself any trustee fees in connection therewith, if a plan has been confirmed). The Court finds that there is cause to modify the provisions of 11 U.S.C. § 349(b)(3) to such an extent.
>
> 2. If any portion of Debtor's counsel fees have not yet been approved by the Court, the Chapter 13 Trustee shall hold sufficient funds on hand as of the date of dismissal until Debtor's counsel has submitted a final fee application and the Court has ruled on the same. Debtor's counsel may file a final fee application within seven days. The deadline to object is hereby shortened to 10 days, to which three days is added pursuant to Fed.R.Bankr.P. 9006(f). When the fee application has been ruled on, the Trustee shall comply with the provisions of paragraph 1 of this Order. If a fee application is not timely filed, the Trustee is directed to return all funds to the Debtor.

Shortly after dismissal, counsel filed a first and final fee application, seeking approval of $17,504.37 in fees, $1,218.13 in taxes, and $912.96 in expenses. The fee application was served on the debtors, the chapter 13 trustee, and the U.S. Trustee's office. A notice of deadline to object was served on the same parties and also all other parties on the mailing matrix.

No one objected to the fee application. On July 18, 2016, the Court entered an order approving the application. The fee order authorized counsel to retain pre-petition payments of

---

[2] Debtors statement of financial affairs discloses that the lender had brought a foreclosure action pre-petition, had obtained a judgment, and that the special master's sale was scheduled for the petition date.

$5,000, and authorized the chapter 13 trustee to pay counsel the balance of the approved fees ($14,675.46).

Between July 18, 2016 and September 12, 2016, the chapter 13 trustee paid counsel all of the money she had received from the debtors in plan payments ($6,800). The trustee filed a final report and account on September 12, 2016. The case was closed on September 22, 2016.

Six days later, on September 28, 2016, counsel filed the motion, asking that the case be reopened and that the Court enter a money judgment against the debtors in the amount of the allowed fees and costs.

The Court reopened the case on November 28, 2016. On December 12, 2016, the Court held a hearing on counsel's request for a money judgment, and took the matter under advisement.

## II. DISCUSSION

A. The Fee Order is a Judgment.

The fee order is a final order. *See In re Hall*, 2010 WL 2079530, at *1 (D. Kan.) (order approving final fee application is a final order because it ended litigation on the merits and left nothing for the court to do but execute the judgment). More importantly, the fee order is a judgment. Fed. R. Bankr. P. 9001(7), for example, defines "Judgment" as "any appealable order," while Fed. R. Bankr. P. 9002(5) defines the term to include "any order appealable in an appellate court."). Further, in *In re Sweports,* 777 F.3d 364 (7th Cir. 2015), Judge Posner of the Seventh Circuit characterized a final bankruptcy court order approving professional fees as a judgment. 777 F.3d at 367.

There is substantial case law that final attorney fee orders are res judicata on issues that could have been raised in the fee allowance process. *See, e.g., Grausz v. Englander,* 321 F.3d 467 (4th Cir. 2003) (fee approval is res judicata on subsequent malpractice action); *Iannochino v.*

*Rodolakis (In re Iannochino)*, 242 F.3d 36, 49 (1st Cir. 2001) (same); *In re Intelogic Trace, Inc.*, 200 F.3d 382, 387 (5th Cir. 2000) (same); *Potter v. Pierce*, 342 P.3d 54, 59 (N.M. 2015) (same). The res judicata effect of final fee orders is discussed in 3 Collier on Bankruptcy, ¶330.07 (16th ed.).

In contrast, interim fee awards are not judgments. *See In re Fairway Missionary Baptist Church*, 131 B.R. 407, 408 (Bankr. W.D. Tenn. 1991) (interim fee award did not "rise to the dignity or level of a money judgment"); *In re Gibson*, 2010 WL 744573, at *10 (Bankr. C.D. Ill.) (agreeing with *Fairway Missionary* that interim fee orders are not money judgments).

It is less clear whether the fee order is a "money judgment." The order only "allows" the fees and "authorizes" the chapter 13 trustee to pay them. As noted by *Sweports,* "There is . . . a critical difference . . . between determining an entitlement to fees and ordering payment of fees." 777 F.3d at 367. On the other hand, Judge Specter in *In re Dow Corning Corp.*, 237 B.R. 380, 386-87 (Bankr. E.D. Mich. 1999), held that a money judgment is a judgment entitling the plaintiff to a specified sum of money, entered against an identifiable party. Under this definition, and taking into account the debtors' direct liability for the debt because of case dismissal, the fee order might be considered a money judgment.

B.  The Fee Order Establishes a Debt Owed by Debtors.

The fee order established that debtors owed counsel $14,675.46.[3] In *Sweports,* construing similar facts, Judge Posner held:

> Almost every damages suit that is resolved in favor of the plaintiff ends not with a disbursement of money but with a judgment that establishes a debt. If the defendant fails to pay, the plaintiff must initiate a further proceeding to collect the judgment debt. The judgment to which [debtor's counsel] was and is entitled would merely

---

[3] Presumably, that figure was reduced to $7,875.46 by the chapter 13 trustee's payment to counsel of the $6,800 she had on hand.

-4-

> establish a debt; to collect it he will undoubtedly have to initiate a collection suit in state court.

777 F.3d at 367. Further, even though the fee order authorized the bankruptcy estate to pay the allowed fees, it is clear that, after dismissal, the order obligates the debtors to pay the fees. In *Morgan & Bley, Ltd. v. Victoria Group, Inc.*, 2015 WL 2258416 (N.D. Ill.), for example, the district court, citing *Sweports,* said:

> The Seventh Circuit concluded that the bankruptcy court could even award fees under § 330 after the bankruptcy case has been dismissed and the estate has been extinguished. *Id.* at 367-68. The bankruptcy court's statement . . . that the . . . fee award was only against the "estate," then, was incorrect.

2015 WL 2258416, at *4.

The fee order, a final judgment entitled to res judicata effect, established debtors' debt to counsel.

C.   The Court's Post-Dismissal Jurisdiction.

The proper way to handle allowance and collection of professional fees after bankruptcy case dismissal turns in part on the Court's jurisdiction to hear and determine the matters.

   1.   Ancillary jurisdiction to rule on fee applications filed after case dismissal. As a starting point, the law is clear that, even though the case had been dismissed, the Court had "clean-up" or ancillary jurisdiction to rule on counsel's fee application. *See In re Sweports*, 777 F.3d at 367; *In re 5900 Associates, Inc.,* 468 F.3d 326, 330 (6th Cir. 2006) (bankruptcy courts retain jurisdiction to approve attorney fees under § 330 after dismissal of the underlying case); *In re Hirsch*, 550 B.R. 126, 131 (Bankr. W.D. Mich. 2016) (citing *5900 Assocs.*); *In re Doherty*, 229 B.R. 461, 464 (Bankr. E.D. Wash. 1999) (court has jurisdiction, after dismissal, to hear and determine administrative expense issues).

The Tenth Circuit has held that bankruptcy courts retain jurisdiction after case dismissal over pending "core proceedings." *See Johnson v. Smith (In re Johnson)*, 575 F.3d 1079, 1083 (10th Cir. 2009) (bankruptcy court retained jurisdiction to hear "core" adversary proceeding after dismissal of the main case); *Smith v. Commercial Banking Corp. (In re Smith)*, 866 F.2d 576, 578 (3d Cir. 1989) (to the same effect); *Fidelity & Deposit Co. of Maryland v. Morris (In re Morris)*, 950 F.2d 1531, 1534 (11th Cir. 1992) (same). Allowance of professional fees is a "core" proceeding. 28 U.S.C. § 157(b)(2)(A) and (B).

It is appropriate for bankruptcy courts to rule on fee applications in dismissed cases, as the courts are familiar with the cases and with the fee allowance process. Bankruptcy courts know generally what is charged for counsel services in chapter 13 cases. It would be an unnecessary burden on state courts to make them rule on what fees and costs should be paid by debtors to their bankruptcy counsel. *See Sweports*, 777 F.3d at 366 (Seventh Circuit reversed the bankruptcy court's ruling that it lacked jurisdiction to hear a fee application in a dismissed chapter 11 case).

Rulings on fee applications can be of particular importance in dismissed chapter 13 cases where, as here, the trustee is holding plan payments that either will be returned to the debtors, or else will be paid over to debtors' counsel for allowed fees. Without a post-dismissal ruling on fee allowance, debtors' counsel could lose a ready source of at least partial payment of its fees.[4]

    2.    <u>Ancillary jurisdiction over post-dismissal collection of allowed fees</u>. The Court's jurisdiction to oversee fee collection efforts is less clear. As stated in *In re Johnson*:

> M&M correctly points to several decisions holding that when the underlying bankruptcy case is dismissed, a noncore, related proceeding ordinarily should also

---

[4] 11 U.S.C. § 349(b)(3) provides that, unless the Court orders otherwise, all property of the estate revests in the entity in which such property was vested pre-petition. This means that all plan payments go back to the debtor unless the Court orders otherwise. The Court's standard form of order granting a voluntary motion to dismiss a chapter 13 case orders otherwise. The pertinent language is quoted in the findings.

be dismissed (although leaving the matter to the bankruptcy court's sound discretion).

575 F.3d at 1083. Collection of allowed professional fees from the debtor is not a core proceeding.

There is some case law support for the proposition that ancillary jurisdiction may still exist over the fee collection process. In *Sandlin v. Corporate Interiors Inc.*, 972 F.2d 1212 (10th Cir. 1992), for example, the court held that "within a federal court's ancillary jurisdiction is the power to conduct proceedings necessary to protect and give effect to its judgments." 972 F.2d at 1216. *See also In re Mayex II Corp.*, 178 B.R. 464, 468 (Bankr. W.D. Mo. 1995) (quoting *Sandlin*).

D.  <u>Whether or Not the Court Has Jurisdiction Over Fee Collection, it Will Abstain</u>.

It is not necessary for the Court to determine whether it has ancillary jurisdiction over counsel's efforts to collect the allowed fees, because to the extent the Court has jurisdiction, it elects to abstain so the matter can be pursued in state court.

In *Sweports,* the Seventh Circuit opined that the appropriate course of action is for the bankruptcy court to rule on the allowability of fees charged in a bankruptcy case, and then for the professional to go to state court to collect any unpaid fees. *Sweports,* 777 F.3d at 367. The Court agrees that, at least in dismissed cases, bankruptcy courts usually will have discharged their duties by ruling on any pending fee applications and entering final fee orders. Thereafter, the logical place for professionals to collect their allowed fees is state court.

28 U.S.C. § 1334(c)(1) provides:

Except with respect to a case under chapter 11 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State court or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

-7-

This "permissive abstention" provision can be invoked in the sound discretion of the bankruptcy court. *See* 1 Collier on Bankruptcy ¶ 3.05 (16th ed.) (§ 1334(c)(1) gives the court the discretion to abstain).

A bankruptcy court may raise permissive abstention *sua sponte*. *Gober v. Terra + Corp.*, 100 F.3d 1195, 1207 n. 10 (5th Cir. 1996); *Bricker v. Martin,* 348 B.R. 28 (W.D. Pa. 2006); *In re Potter*, 2007 WL 1672181, at *8 (Bankr. D.N.M.).

Bankruptcy courts consider a variety of factors when deciding whether to exercise their right of permissive abstention, including:

1. the effect or lack of effect on the efficient administration of the estate if a court abstains;
2. the extent to which state law issues predominate over bankruptcy issues;
3. the difficulty or unsettled nature of the applicable state law;
4. the presence of a related proceeding commenced in the state court or other nonbankruptcy court;
5. the jurisdictional basis, if any, other than 28 U.S.C.A. § 1334;
6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
7. the substance rather than form of an asserted "core" proceeding;
8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
9. the burden on the bankruptcy court's docket;
10. the likelihood that the commencement of the proceeding in bankruptcy court

involves forum shopping by one of the parties;

    11. the existence of a right to a jury trial;

    12. the presence in the proceeding of nondebtor parties; and

    13. any unusual or other significant factors.

*In re Lunt*, 2011 WL 1656404, at *1 (Bankr. D. Kan.), citing 1 Norton Bankr. L. & Prac. 3d § 8.6. *See also In re Cooper*, 2016 WL 3564409, at *3 (Bankr. D. Kan.) (citing *Lunt*).

In this case, factors 1, 2, 5, and 6 weigh in favor of permissive abstention; factors 3 and 9 weigh against permissive abstention; and the other factors are neutral or do not apply.

The Court holds that permissive abstention is indicated in this case, because jurisdiction over fee collection is somewhat questionable, there would be no benefit to the estate or creditors generally, and collection matters are routinely handled by the state courts.

### III.    CONCLUSION

The fee order is a final judgment that establishes the debt owed by the debtors to counsel. Whether or not the fee order constitutes a money judgment, no further order or judgment from this Court is needed for counsel to collect the debt in state court. To the extent, if any, the Court has ancillary jurisdiction over the collection process, it will abstain pursuant to the permissive abstention rules, holding that the matter is better left to state court.

Counsel's motion will be denied, by a separate order.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: December 19, 2016

Copies to:

William F. Davis
6709 Academy Road NE, Ste. A
Albuquerque, NM 87109

U.S. Trustee
P.O. Box 608
Albuquerque, NM 87103

Wilbert and Stephanie Salazar
34 County Road 119
Espanola, NM 87532

Kelley Skehen
625 Silver Ave. SW, Ste. 350
Albuquerque, NM 87102